# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MARQUISE LEON NELSON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:16CV00055 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **STATE OF VIRGINIA, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Marquise Leon Nelson, Pro Se Plaintiff.*

Marquise Leon Nelson, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that state court employees interfered with his ability to file court papers in forma pauperis — without payment of fees. Upon review of Nelson's complaint, I conclude that the action must be summarily dismissed as frivolous.

I.

Nelson is incarcerated at Red Onion State Prison ("Red Onion"). He allegedly filed a "Petition for Judgment" and an application to proceed in forma pauperis in the Wise County Circuit Court on September 9, 2014. On November 29, 2014, the circuit court denied in forma pauperis, based on a financial document obtained from the trust officer at Red Onion, and dismissed Nelson's petition. Nelson asserts that the financial document is fraudulent.

Nelson also alleges that on July 16, 2015, he mailed the circuit court a Petition for a Writ of Habeas Corpus and an application to proceed in forma pauperis. The circuit court mailed Nelson a copy of its request for Red Onion officials to provide Nelson's financial information, but they allegedly did not comply. Nelson then filed a petition, asking circuit court officials to order Red Onion officials to provide a photocopy of Nelson's financial records for in forma pauperis purposes.

When Nelson received no circuit court response to this petition, Nelson filed an appeal to the Supreme Court of Virginia. Frustrated when no response issued immediately, Nelson filed a "Notice of Affidavit by Special Visitation; Prior Notice of Violation of Petitioner's Right to Determine his Indigency," stating that the lack of response indicated the state courts' agreement with his accompanying statement of fact. The Supreme Court allegedly did not respond to Nelson's filings.

Nelson then filed this lawsuit under § 1983. He sues the "State" of Virginia, the Red Onion warden, the Wise County clerk and judge, the Clerk of the Supreme Court of Virginia, and two other individuals, who are apparently state officials that handled his paperwork at some point. As relief in this § 1983 action, Nelson seeks a criminal investigation and criminal charges against anyone related to the

allegedly fraudulent financial information and an order establishing that Nelson qualifies to proceed in forma pauperis and is, therefore, entitled to compensation.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court cannot identify any cognizable claims or the complaint is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous claim is one "based on an indisputably meritless legal theory" or one "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (interpreting the term "frivolous" as similarly used in the former 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). As a preliminary matter, Nelson cannot bring a § 1983 suit against the State of Virginia, because a state is not a person under § 1983.[1] *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, I will summarily

---

[1] Defendants Barksdale, Kennedy, Dorton, Suggs, Dotson, and Harrington may qualify as persons for purposes of § 1983. However, Nelson's allegations against these defendants have no legal basis for other reasons.

-3-

Case 7:16-cv-00055-JPJ-RSB   Document 9   Filed 07/21/16   Page 3 of 5   Pageid#: 41

dismiss Nelson's claims against this defendant as frivolous. 28 U.S.C. § 1915(e)(2)(B).

Second, I find no legal basis for Nelson's request that the court order a criminal investigation and charges against individual state officials. Simply put, a private citizen, like Nelson, has no constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Therefore, I must dismiss Nelson's case to the extent that it seeks an order directing officials to bring a criminal investigation or charges against anyone.

Furthermore, I am satisfied that Nelson's allegations do not give rise to any § 1983 claim against any of the state court officials. In essence, Nelson disagrees with the state courts' rulings or their failure to rule in the manner and on the timetable that he prefers. Thus, I conclude that his claims on these matters are merely an attempt to appeal these state court actions to this federal district court. This court has no jurisdiction to review on direct appeal or overturn the judgments of state courts, however. *See, e.g., Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments "lies exclusively with superior state courts and, ultimately, with the United States Supreme Court." *Id.*; 28 U.S.C. § 1257.

-4-

Case 7:16-cv-00055-JPJ-RSB   Document 9   Filed 07/21/16   Page 4 of 5   Pageid#: 42

It is also well established that federal courts have no general mandamus power to compel action by state officials. See *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, I have no jurisdiction to direct state court officials to act on Nelson's pleadings more quickly or to reach a different outcome in a state court proceeding.

For the reasons stated, I conclude that Nelson has no basis in law for the relief he seeks under § 1983. Accordingly, I will summarily dismiss the entire action with prejudice as frivolous.[2]

A separate Order will be entered herewith.

DATED: July 21, 2016

/s/ James P. Jones
United States District Judge

---

[2] Several weeks after filing the § 1983 Complaint, Nelson submitted an Affidavit (ECF No. 8) that I construe as a motion seeking to amend the Complaint to raise numerous new claims, unrelated to the claims in the initial Complaint. Since I will dismiss the initial Complaint as frivolous, I find no ground on which to allow Nelson to bring additional claims in this case. As such, I will deny his motion.